UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONALD LONGALE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-14217-IT |
| JEFF GRONDOLSKY, et al., | ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION

October 22, 2018

Boal, M.J.

In this action, pro se plaintiff Ronald Longale appears to allege that medical treatment he received while incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") was inadequate.  On February 16, 2018, the District Court adopted this Court's recommendation that it dismiss the claims against defendants J. Grondolsky, Robert Cooke, Daniel Quist, D. Goldstein, Al-Karim Dhanji, M.D., Janet Miller, Edward Eichel, Richard Russell, Lisa Johannsson, Donna March, Richard Andreuzzi, Jay Miller, and Leonard Weber (collectively, the "Federal Defendants") as well as Dr. Yates, a non-federal employee.  Docket No. 73.  On August 22, 2018, the District Court adopted this Court's recommendation that it dismiss the claims against defendants Sandra Howard and Robert McKittrick.  Docket No. 101.  As a result, the only claims remaining are the claims against defendant Harry Smith and the medical malpractice claims against the United States.

Since May 2018, Longale has not participated in this case.  He failed to file a response to Howard and McKittrick's motion to dismiss even after the Court allowed him additional time to

1

do so.[1]  See Docket No. 95.  The Court's mailings to Longale since May have been returned.  See Docket Nos. 97, 98, 104, 105.  Counsel for the United States reports that they have also been unable to contact Longale and copies of all mail sent to Longale were returned to them.  Docket No. 106 at 1.  It is Longale's responsibility to inform the Court and other parties of any change in address.  See L.R. 83.5.5(h) ("Every party appearing *pro se* shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change.").

In addition, Longale failed to appear at the September 26, 2018 status conference.  The Deputy Clerk attempted to reach Longale twice by phone on the morning of the status conference but was unable to do so.  Therefore, on September 27, 2018, this Court ordered Longale to show cause in writing, by October 18, 2018, why the Court should not recommend to the District Judge that the remaining claims be dismissed for failure to prosecute.  Docket No. 109.  The Court warned Longale that failure to respond may result in dismissal of this case with prejudice.  Id. at 2.  To date, Longale has not responded to this Court's order to show cause.  Accordingly, this Court recommends that the District Judge assigned to this case dismiss Longale's remaining claims for failure to prosecute.

---

[1] Longale has also failed to file a response to defendant Harry Smith's motion for judgment on the pleadings.  While counsel for Dr. Smith indicated at the September 26, 2018 conference that it had inadvertently failed to serve Longale with a copy of the motion, on August 31, 2018, this Court issued and served on Longale at the last address provided an order stating that he had not filed a response and giving him additional time to do so.  See Docket No. 103; L.R. 83.5.5(h) ("Any notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the *pro se* party.").  After the hearing, Dr. Smith also served the motion on Longale.  Docket No. 107.  Longale did not file a response to the motion or the Court's order.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days after being served with a copy of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge